|  | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | **FILED & ENTERED**<br><br>JUL 28 2010<br><br>**CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY william    DEPUTY CLERK** |

| In re:<br>Ivan Fuller,<br><br>Jerry Namba | CHAPTER:    7 |
|---|---|
| | CASE NO.:    9:10-bk-12351-RR |
| Debtor(s). | DATE:    July 27, 2010<br>TIME:    9:00 AM |
| Trustee. | CTRM:    201<br>FLOOR:    2nd |

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT:  U.S. Bank, N.A. successor in Interest to the FDIC as receiver for Downey Savings and Loan Association, FA )

1. The Motion was:    ☐ Contested    ☒ Uncontested    ☐ Settled by stipulation

2. The Motion affects the following real property (the "Property"):
   *Street Address:*    **14335 Mangrove Street**
   *Apartment/Suite No.:*
   *City, State, Zip Code:*    **Moorpark, CA 93021**

   Legal description or document recording number (including county of recording):

   ☐ See attached page.

3. The Motion is granted under:    ☒ 11 U.S.C. § 362(d)(1)    ☒ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:
   a.    ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.
   b.    ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c.    ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*    **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Ivan Fuller | | Debtor(s) | CASE NO: 9:10-bk-12351-RR |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either:
   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local goverrnmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:
    a. ☒ This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.
    b. ☒ The 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.
    c. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply *(attach Optional Form F 4001-1O.ER)*.
    d. ☐ See attached continuation page for additional provisions.

Dated:   07/28/2010

*Robin Riblet*
_____
UNITED STATES BANKRUPTCY JUDGE

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                      **F 4001-1O.RP**

| In Re | (SHORT TITLE) | CHAPTER: 7 |
|---|---|---|
| Ivan Fuller | | |
| | Debtor(s) | CASE NO: 9:10-bk-12351-RR |

**NOTE TO USERS OF THIS FORM**:
1) Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362 Was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of _____7-27-10_____, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

jnambaepiq@earthlink.net, jnamba@ecf.epiqsystems.com
ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

Ivan Fuller
530 W Los Angeles Ave., # 115-191
Moorpark, CA 93021

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                                                     **F 4001-1O.RP**

| In Re | (SHORT TITLE) | | CHAPTER: 7 |
|---|---|---|---|
| Ivan Fuller | | | |
| | | Debtor(s) | CASE NO: 9:10-bk-12351-RR |

## SERVICE LIST

David F Makkabi
20750 Ventura Blvd
Woodland Hills, CA 91364

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                          **F 4001-1O.RP**

ORDER NO. 17071470

## EXHIBIT "A"

Lot(s) 115 of Tract No. 4976, in the City of Moorpark, County of Ventura, State of California, as per map recorded in Book 141 Page(s) 43 to 49 inclusive of Maps, in the Office of the County Recorder of said County.

EXCEPT therefrom 1/2 of all oil, gas, minerals, other hydrocarbon substances and underground water lying below a depth of 500 feet, but with no right of surface entry, as provided in deed recorded September 11, 1963 in Book 2390, Page 306 and October 17, 1963, in Book 2410, Page 561, both of Official Records.

EXCEPT therefrom 25% of all oil, gas, minerals, other hydrocarbon substances and underground water lying below a depth of 500 feet, but with no right of surface entry, as provided in deed recorded December 20, 1966, in Book 3081, Page 337, Official Records.